IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT FOR:<br><br>DOMINIC PEZZOLA, | Case No.<br><br><br><br>**Filed Under Seal** |

## GOVERNMENT'S MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS

The United States of America, moving by and through its undersigned counsel, respectfully moves the Court for an Order placing the above-captioned warrant, complaint, and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively herein the "Arrest Warrant") under seal. In support of this motion, the government states:

1. The Court has the inherent power to seal court filings when appropriate, including the Arrest Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Arrest Warrant to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Arrest Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

2. January 13, 2021, the government applied for an Arrest Warrant in this matter. The Arrest Warrant details the facts supporting probable cause to believe that Dominic Pezzola violated Title 18, United States Code, Sections 1361, 1512(c)(2), and 1752(a).

3. The government will continue its investigation after execution of the Arrest Warrant, and disclosure of the Arrest Warrant would jeopardize the investigation by providing the subjects of the investigation an opportunity to destroy evidence or flee and jeopardize the investigation by disclosing the details of facts known to investigators, the identities of witnesses, and the investigative strategy.

4. In addition, the government respectfully moves for the Complaint and Arrest Warrant to remain sealed -- with the exception that the Government be permitted to disclose the Arrest Warrant to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

5. For the foregoing reasons, the government respectfully requests that the Arrest Warrant be sealed until further order of this Court, except as necessary to facilitate the enforcement

of criminal law, including the execution of the Arrest Warrant, or to any federal official to assist the official receiving the information in the performance of that official's duties.

        Respectfully submitted,

        MICHAEL R. SHERWIN
        ACTING UNITED STATES ATTORNEY
        New York Bar No. 4444188


By: /s/ Erik M. Kenerson
    Assistant United States Attorney
    OH Bar No. 82960
    National Security Section
    United States Attorney's Office
    555 Fourth Street, N.W.
    Washington, D.C.  20530
    Telephone: (202) 252-7201
    Email: erik.kenerson@usdoj.gov