**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| DOMINIC PEZZOLA | ) CRIMINAL NO.: 21-mj-00047 |
| | ) |

**MOTION TO WITHDRAW AS COUNSEL**

To the Clerk of Court and all parties of record:

Motion is herewith made to withdraw the appearance of Michael P. Scibetta as counsel for Defendant Dominic Pezzola. Mr. Scibetta is a Rochester, New York based attorney admitted to the District of Columbia District Court pro hac vice. The basis for this withdrawal is that Mr. Pezzola is indigent and unable to afford private counsel and maintains that he cannot maintain an adequate defense in the absence of local District of Columbia counsel. A CJA Financial Affidavit has been filed. Mr. Pezzola was a self-employed individual and because of these allegations his business has been irreparably damaged and is no longer viable. Mr. Pezzola has no other employment or assets.

The initial Retainer Agreement (available upon request) was for the three (3) charges lodged in the Criminal Complaint. A subsequent Indictment has been returned charging eleven (11) violations of law. Family for the accused paid the initial retainer but are unable to provide additional funds. As this matter is just Indicted and no detriment will arise, Defendant makes this motion, along with counsel.

"[I]f at any stage of the proceedings, including an appeal, the United States magistrate or the court finds that the person is financially unable to pay counsel who he had retained, it may appoint counsel". 18 U.S.C. § 3006A(c).

The standard for appointment of counsel is "something less than indigency or destitution" and the appointing court should properly consider the economic realities, including the cost of a criminal defense and the cost of providing for the defendant and his

1

dependents. *United States v. Harris*, 7(17 F.2d 653, 660-661 (2d Cir.), *cert. denied*, 464 U.S. 997, 104 S. Ct. 495, 78 L. Ed. 2d 688 (1983).

"In sum, the charges alleged in the original indictment pale in comparison to the charges now alleged in the superseding indictment[...]While the indictment number may remain the same, there is little other similarity between the original charges[...]and the charges alleged in the superseding indictment[...]In light of these unusual circumstances, I find that the inability of [Defendant] to meet the terms of the original retainer agreement, coupled with the enormous complexity of the superseding indictment, justifies granting [Counsel's] request to be relieved as retained counsel for the defendant." *UNITED STATES v. HERBAWI, et al., 913 F. Supp. 170 (1996)*

The Defendant requests the appointment of the Federal Public Defender or CJA counsel be substituted as counsel of record for Defendant.

Dated:  February 1, 2021                    Respectfully submitted,

                                            MICHAEL P. SCIBETTA

                               By:          _____/s/_____
                                            Michael P. Scibetta, Esq.
                                            30 West Broad Street
                                            Suite 501
                                            Rochester, New York 14614
                                            (585) 232-2770
                                            mike@scibettalawoffice.com

1

## CERTIFICATE OF SERVICE

I hereby certify on the 1st day of February 2021 a copy of same was delivered to the parties of record, by email pursuant to the Covid standing order and the rules of the Clerk of Court.

/S/
Michael P. Scibetta